

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2005

# Gifford v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2308

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gifford v. Comm Social Security" (2005). *2005 Decisions.* Paper 1292.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1292

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2308

JUDITH C. GIFFORD,
                                        Appellant

v.

JO ANNE B. BARNHART,
Commissioner of Social Security

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 03-cv-00243E
(Honorable Thomas M. Hardiman)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2005

Before:  SCIRICA, *Chief Judge*, RENDELL and FISHER, *Circuit Judges*

(Filed   April 29, 2005  )

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Petitioner Judith Gifford appeals the District Court's order granting summary judgment to the Commissioner of Social Security. The order affirmed the Commissioner's decision to deny petitioner's application for Disability Insurance Benefits and Widow's Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433 (2004).

## I.

### A. *Factual Background*

Judith Gifford was born on July 20, 1945, and was fifty years old on the last day she qualified for disability benefits. She is a high school graduate who worked as a laundry room attendant and an aide in an institution for mentally retarded individuals. Gifford claims that she suffers from several ailments including degenerative joint disease of the right foot and ankle, chronic obstructive pulmonary disease (COPD), diabetes, carpal tunnel, and depression. Gifford has a history of treatment for mental illness precipitated by the deaths of her father in 1979 and her husband in 1989.

Gifford applied for disability benefits in February 1999. Her initial application for benefits was denied. Gifford was granted a hearing before an administrative law judge who concluded that Gifford was not sufficiently disabled during the period in question and as such, denied her application. Gifford appealed to the Appeals Council who denied her request. Under 42 U.S.C. § 405(g) (2004), the ALJ's decision became final. The

district court denied Gifford's petition for review granting summary judgment for the Commissioner.

## II.

We exercise jurisdiction over the District Court's grant of summary judgment under 28 U.S.C. § 1291. We review the District Court's decision to grant summary judgment *de novo*, but we exercise limited review and use a substantial evidence standard to review a Commissioner's final denial of benefits. In *Morales v. Apfel*, we defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 225 F.3d 310, 316 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 422 (3d Cir. 1999)). However, we have the "responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner]'s decision is not supported by substantial evidence." *Morales*, 225 F.3d at 317 (quoting *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)).

## III.

To be eligible for disability benefits, a claimant has the burden to demonstrate that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423 (d)(1)(A) (2004). Commissioners must evaluate a claimant's disability determination using "a five-step sequential evaluation process"

3

delineated in 20 C.F.R. § 404.1520 (2005). The five step inquiry begins with an examination of the claimant's present work history. *Id.* If the claimant is currently engaged in substantial gainful activity, then she is not disabled. *Id.* If the claimant is not engaged in such activity, then the Commissioner must examine submitted medical evidence to determine if the claimant suffers from a severe impairment. *Id.* If the Commissioner finds that the claimant suffers from severe impairment, then the Commissioner must determine whether the impairment is contained or equivalent to one in the list of impairments in 20 C.F.R. § 404, subpt. P, app. 1 (2004). If the claimant's disability is on the list or is equivalent to a disability on the list, she will be found disabled. 20 C.F.R. § 404.1520 (2005). If the claimant's disability does not meet or equal one on the list, then the Commissioner must consider whether the claimant could return to her past relevant work in light of the severe impairment. *Id.* If the claimant cannot return to previous employment, the Commissioner must assess whether based on the claimant's "age, education, and work experience" and residual functional capacity,[1] she can engage in other work available in the national economy. *Id.* The claimant has the burden to show that she cannot return to her past work experience as a result of her physical and/or mental impairment. *Morales*, 225 F.3d at 316.

---

[1]Pursuant to 20 C.F.R. § 404.1545(a)(2005), "residual functional capacity" is defined as any work one may continue to perform in spite of physical or mental impairments and related symptoms.

If there is substantial evidence in the record to support the Commissioner's findings, we are bound by such determination. *Id.* Evidence is not substantial if the Commissioner failed to consider all relevant evidence or failed to resolve conflicts created by counter-veiling evidence or overwhelmed by other evidence, particularly that of a treating physician. *Id.* In all disability determinations, evidence offered by a treating physician must be accorded great weight. *Id.* at 317. An ALJ is allowed to reject a treating physician's conclusions so long as the rejection is based on other medical evidence, not on personal inferences or speculation. *Id.* at 317-18. The ALJ must consider multiple impairments in combination if none alone qualifies as a listed impairment or its equivalent. *Burnett v. Comm'r*, 220 F.3d 112, 122 (3d Cir. 2000).

**IV.**

For the period of time relevant to this inquiry, there is substantial evidence to support the findings of the ALJ, who conducted the requisite five-step analysis and determined that at step four, Gifford, in spite of her many ailments, retained sufficient residual functional capacity during the applicable time period and was not disabled under the statute. Alternatively, the ALJ conducted a step five inquiry by presenting a vocational expert with a hypothetical person similarly situated to Gifford based on her physical and mental restrictions during the applicable eligibility period. The vocational expert concluded that a person with Gifford's combination of impairments could find work in the national economy as a credentials checker or a surveillance system monitor.

5

The ALJ examined and considered the diagnoses and treatment recommendations of the relevant health care providers, including the determination of Gifford's treating physician, and concluded that Gifford suffered a long history of right foot and ankle injuries, carpal tunnel syndrome, chronic obstructive pulmonary disorder, obesity, and mild depression. Considering the ample medical documentation and recommendations for sedentary work, the ALJ agreed that during all relevant times, Gifford was capable of doing light work similar to her work in the laundry room.

Furthermore, based on the record, the ALJ concluded that Gifford only ceased working as a consequence of a union-related issue. Gifford also claimed that a shoulder injury prevented her from returning to work as a laundry attendant, but the ALJ correctly found that the shoulder injury occurred after April 30, 1996, the conclusion of the relevant time period. Finally, the ALJ properly accorded little weight to the ex post facto opinion of a psychologist given three years after the benefits period ended. An evaluation three years later is not determinative on what Gifford was capable of doing during the applicable benefits period, especially in light of the numerous opinions of other physicians, both during and after the relevant period, that Gifford was capable sedentary employment.

There is substantial evidence in the record to support the ALJ's determination on Gifford's mental impairments and obesity. As to Gifford's mental health condition, the ALJ found that her medical records and testimony support a history of mental illness and

6

for a short time, she was successfully treated with Prozac for mild depression. As to severe mental impairment, however, speculation characterizing Gifford's depression as debilitating during the applicable time period does not sufficiently establish a severe disability. As to Gifford's weight, the ALJ considered Gifford's obesity in combination with her other impairments and concluded that based on the medical evidence offered, Gifford's obesity did not eliminate the residual functional capacity.

Finally, the ALJ is not bound by the determination of the Pennsylvania's Workers' Compensation Bureau and the Pennsylvania State Employees' Disability Retirement Program. Under 20 C.F.R. Section 404.1504 (2005), the determinations of other government or non-governmental agencies are not binding on social security benefits decisions. Nonetheless, the ALJ thoroughly considered the medical evidence provided by the Pennsylvania State Employee's Retirement System in reaching the conclusion that Gifford was not eligible for disability benefits during the relevant time periods.

## V.

For the reasons set forth above, we will affirm the judgment of the District Court.

7